UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20495-CIV-UNGARO/SIMONTON

ELOF HANSSON PAPER & BOARD,
INC.,

    Plaintiff,
v.

GERARDO ALBERTO PARODI
CALDERA, et al.,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, IN PART, AND GRANTING DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

This matter arose upon Plaintiff's Motion to Compel Discovery and For Sanctions (DE # 40). The Defendant has filed a Response in Opposition to the Motion wherein Defendant moves for an Enlargement of Time to Respond to Plaintiff's Discovery Requests (DE # 50). The Plaintiff has filed an Opposition to the Request for Enlargement of Time (DE # 54). The Honorable Ursula Ungaro, United States District Judge, has referred these matters to the undersigned United States Magistrate Judge (DE # 44, 55).

For the following reasons, the Plaintiff's Motion to Compel Discovery is GRANTED, in part, and DENIED, in part; and, Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Discovery Requests (DE # 50) is GRANTED.

    I. BACKGROUND

This matter was initiated when Plaintiff filed a Complaint in the United States District Court, Southern District of Ohio asserting claims against the Defendants for breach of contract, fraud, civil conspiracy, conversion, and unjust enrichment (DE # 1). According to the Complaint, Plaintiff Elof Hansson Paper & Board, Inc., ("Elof") is an

Ohio corporation that is in the business of selling and distributing trade paper and board products (DE # 1 at 2).  Plaintiff seeks payment from Defendants, three of whom are citizens of Venezuela and one which is a corporation incorporated in the State of Florida, for failure to make payment for certain purchases totaling over $1,800,000.00 (DE # 1 at 16-17).

On November 6, 2009, Defendants moved to dismiss the matter for lack of jurisdiction and/or to have the matter transferred to this District on the ground of forum non conveniens (DE # 14).  On February 11, 2011, after Plaintiff indicated that it did not object to Defendants' request for transfer of the case, the matter was transferred to the United States District Court for the Southern District of Florida (DE # 31).

II.   PENDING DISCOVERY MOTIONS

Plaintiff has filed the instant Motion to Compel Discovery and for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking to have the Defendants ordered to respond to the Plaintiff's First Set of Interrogatories and Requests for Production (DE # 40).  According to the Plaintiff, the discovery requests at issue were initially served on the Defendants on October 16, 2009, and to date, the Defendants have failed to respond to those requests (DE # 40 at 1).

In Response, the Defendants assert that while this case was pending in Ohio and prior to current counsel assuming representation of the Defendants, Defendants filed a 12 (b) (6) Motion to Dismiss and also filed a Motion to Dismiss for Lack of Jurisdiction or Transfer of Venue (DE  ## 14, 15).  According to the Defendants, the Court in Ohio entered an Agreed Scheduling Order related to those Motions which provided, in relevant part, that if the Court denied the 12 (b) (6) Motion to Dismiss, then the Parties would have thirty days in which to submit a proposed scheduling order regarding the

jurisdictional motion (DE # 16).  Defendants therefore assert that they were justified in not responding to Plaintiff's discovery requests which related to the merits of the underlying claim, until such time that the jurisdictional challenges were resolved by the Court.

In addition, Defendants have moved for an extension of an additional sixty (60) days from the date of filing their Response to the Motion to Compel in which to respond to Plaintiff's discovery requests, including Requests for Admission, Interrogatories and Requests for Production of Documents (DE # 50 at 4, 9).  Defendants contend that the extension of time is necessary because Plaintiff's requests are "staggering" and that Defendants have retained new counsel in this matter after the case was transferred from Ohio to this District.[1]

In its Opposition to Defendants' request for Enlargement of Time, Plaintiff argues that the Agreed Order issued by the Ohio Court contemplated that the Court would first rule on the Motion to Dismiss and then proceed to the jurisdictional issues and scheduling of jurisdictional discovery.  Thus, Plaintiff contends that there was never an order issued by the Court staying non-jurisdictional discovery.  In addition, Plaintiff asserts that there was never any agreement between the Parties to either stay discovery or extend the response time to the Plaintiff's discovery requests, and thus Plaintiff contends that Defendants' answers to the first discovery requests are "impermissibly late and, as of the date of this Memorandum, have been late for approximately 16 months." (DE # 54 at 7).   Plaintiff also asserts that Defendant has waived any objections

---

[1] Defendants state, and Plaintiff does not dispute, that Plaintiff has requested 250 Requests for Admissions (DE # 50 at 4).  In addition, Plaintiff's discovery requests include 25 interrogatories with subparts for each of the four Defendants and approximately 300 requests for production of documents with subparts (DE # 40-1).

to the discovery requests by failing to timely respond to the discovery requests.

On March 30, 2011, the undersigned held a hearing on the Plaintiff's Motion to Compel. However, at the hearing, Plaintiff noted that there was no order of reference from the District Judge to the undersigned Magistrate Judge pertaining to the relief sought in Defendants' Response to Plaintiff's Motion. Therefore, the undersigned did not hear argument on the Motions at the hearing, and instead waited until receiving an Order of Reference on the Defendants' Motion for Enlargement of Time and until Plaintiff had an opportunity to file a written response to Defendants' request before ruling on both Motions. Thus, now that an Order of Reference has been entered (DE # 55) and the Plaintiff has had an opportunity to respond in writing to the Defendant's Motion (DE # 54), the undersigned has determined that a hearing on the motions is not necessary. Rather, based upon a review of the entire record, including the relevant Orders issued by the Ohio Federal Court, for the following reasons, the undersigned concludes that sanctions against the Defendants are not warranted, and Defendants shall be granted until June 17, 2011, in which to respond to Plaintiff's first set of discovery requests.[2]

### III. LAW & ANALYSIS

Plaintiff seeks sanctions in the form of attorney's fees for Defendants' failure to timely respond to Plaintiff's discovery requests. In support of its request, Plaintiff cites to Rule 37 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 37 addresses a party's failure to make disclosures or to cooperate in discovery and sets

---

[2] The undersigned acknowledges that in its Motion, Plaintiff has not sought to compel Defendants to provide responses to the Requests for Admissions. However, Defendant has sought an extension of time to respond to all of Plaintiff's discovery requests and thus the undersigned addresses the Requests for Admissions in this Order as well.

forth sanctions that may be imposed by a Court. Specifically, Rule 37 (a) (3) (B) provides that a party may move to compel a discovery response and further provides that sanctions may be imposed where a party fails to obey a discovery order. Fed.R.Civ.P. 37 (b). In addition, a court may impose sanctions where a party fails to provide answers, objections, or a written response to interrogatories or requests for production. Fed.R.Civ.P. 37(d)(1)(A)(ii). Sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

In this case, although Plaintiff is correct that generally a motion to dismiss does not stay a case or discovery in a case, it appears that neither party proceeded to conduct general discovery or litigate this matter once the Ohio Court issued its December 1, 2009 Order entitled "Agreed Scheduling Order Relating to Defendants' Motions to Dismiss filed on November 6, 2009." (DE # 16). Indeed, Plaintiff now complains that Defendants failed to respond to Plaintiff's first discovery requests which were, according to Plaintiff, served on October 16, 2009, yet Plaintiff fails to explain why Plaintiff waited for nearly fifteen months after Defendants' responses were purportedly due to file the instant Motion to Compel. In addition, the record demonstrates that, more than once, the Court extended the time for the Plaintiff to respond to the Defendants' Motion to Dismiss while the Parties worked to resolve this matter. In particular, after the Court issued its December 1, 2009, Agreed Order permitting Plaintiff until December 14, 2009 in which to file a response to Defendants' 12 (b) (6) Motion, the Court issued another Agreed Scheduling Order on February 2, 2010, which granted Plaintiff until April 15, 2010 in which to file a response to the Defendants' 12 (b) (6) Motion (DE # 17). Thereafter, on April 19, 2010, the Court stayed its February 2, 2010 Order based upon the parties'

notification that they were working to resolve the matter (DE # 18).

On June 21, 2010, the Plaintiff filed a Motion for Order Enforcing Settlement Agreement wherein Plaintiff indicated that following a February 23, 2010 settlement conference, the Parties reached, in essence, an oral settlement but were unable to finalize the terms of that agreement (DE # 20).  On January 6, 2011, the Court denied the Plaintiff's Motion to Enforce the Agreement (DE #29), and on February 11, 2011 the Court transferred the case to this District (DE # 31).  According to the Transfer Order, the Plaintiff indicated that it did not oppose the portion of the Defendants' Motion to Dismiss for Lack of Jurisdiction that sought to have the matter transferred to this District.

Once the case was transferred to this District, on February 18, 2011, the Honorable Ursula Ungaro, the District Court Judge assigned to the case, issued an Order setting the matter for a status conference (DE # 37).  In that Order, the Court directed all Parties to, if necessary, obtain local counsel admitted to the Southern District of Florida and to file appearances on or before March 11, 2011.  In compliance with the Court's Order, current counsel for the Defendants entered an appearance on March 11, 2011 (DE # 43).  Plaintiff however filed the instant Motion to Compel on March 8, 2011, three days before current Counsel for the Defendants appeared in this matter and less than one month after the case had been transferred from the District Court in Ohio to this Court. In addition, on March 23, 2011, the Court granted Defendants' Motion for Extension of Time to Respond to the Complaint and permitted the Defendants until April 8, 2011 to file an Answer (DE # 49).

Under these facts, the undersigned concludes that the Defendants have not failed to participate in discovery nor failed to comply with a court order regarding discovery as contemplated by Rule 37.  Thus, sanctions are not warranted.  Further, because of the

somewhat complex path of this case, as well as the undisputed characterization that Plaintiff seeks an extraordinary amount of discovery in its first set of discovery requests, the undersigned finds that the Defendants' request for an extension of time to respond to those requests is appropriate.  As an aside, the undersigned concurs that the Plaintiff's discovery requests are substantial (DE # 40-1). Finally, the Plaintiff has failed to allege or otherwise demonstrate that it will be prejudiced in any manner if the Defendants are granted additional time to respond to the discovery requests.  In this regard, the undersigned notes that the Scheduling Order in this case was issued on April 7, 2011, and sets a trial date for January 3, 2012 and a discovery dead line date of September 16, 2011 (DE # 59).  Accordingly, the Defendants' request for an extension of time to respond to Plaintiff's First Request for Production of Documents, Interrogatories and Requests for Admission shall be granted, as Plaintiff will suffer no prejudice as a result of the extension.

## IV.  CONCLUSION

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Discovery and For Sanctions (DE # 40) and Defendants' Motion for an Enlargement of Time to Respond to Plaintiff's Discovery Requests (DE # 50) are both **GRANTED**, in part.  On or before June 17, 2011, Defendants shall respond to Plaintiff's First Set of Interrogatories. Requests for Production of Documents and Requests for Admissions served on Defendants on or about October 16, 2009.  In addition, it is

**ORDERED AND ADJUDGED** that Plaintiff's request for sanctions in the form of

7

attorney's fees is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 2, 2011.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record via CM/ECF